NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACORI ENTERPRISES,<br><br>   Plaintiff,<br><br>   vs.<br><br>CRISLU CORP.,<br><br>   Defendant. | Case No.  CV12-3859 DSF (VBKx)<br><br>**PROTECTIVE ORDER** |

   Pursuant to the stipulation for entry of a protective order governing confidentiality of the parties, and for good cause shown,

   IT IS ORDERED that the parties' stipulation is approved and shall be the Order of the Court as follows:

   1.   This Order governs the treatment of documents,[1] transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)").  By entering this Order, the parties do not waive in any manner, their rights and remedies under Rule 26(b) of the Federal Rules of Civil Procedure.

   2.   Any Person shall have the right, before disclosure to other parties, to designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES

---

[1] The term "document" as used herein shall include any "documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained . . .." *See* Federal Rules of Civil Procedure 34(a).

ONLY" any Discovery Material it produces or provides that the party and an attorney or legal assistant on behalf of the party in good faith believe constitutes, reflects or discloses its trade secrets or other confidential research, development, or commercial information within the scope of Fed. R. Civ. P. 26(c)(1)(G).

3. Discovery Material designated as "CONFIDENTIAL" shall be limited to Discovery Material that the designating Person believes in good faith must be held confidential to protect business or commercial interests.

4. Discovery Material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to Discovery Material that the designating Person believes in good faith is so commercially sensitive or confidential that the disclosure to employees, principals, and/or officers/directors of another party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not provide adequate protection to the interests of the producing Person.

5. All Discovery Material designated as either "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all information derived therefrom, shall be referred to in this Order as "Designated Material" and shall be handled in strict accordance with the terms of this Order. Specifically, absent an order by this Court, such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, or any business, patent prosecution, competitive, or governmental purpose or function, and such Designated Material shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Order or any subsequent Court order, or with the explicit written consent of the designating Person with respect to specifically identified Designated Material.

6. Discovery Material designated as "CONFIDENTIAL" or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

    a. attorneys for the parties to this litigation, including in-house attorneys for the parties, and including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this action;

    b. court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record, including photocopying, videotaping, transcribing, translating and preparing;

    c. consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 10 of

this Order are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

    d.   the Court and the Court's staff pursuant to Paragraph 12 of this Order;

    e.   the parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

    f.   third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this action or for one having any interest adverse to either party to this action;

    g.   witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 13 of this Order.

7.   Discovery Material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or information derived there from may be disclosed, shown, or made available, or communicated in any way only to the following persons: the persons identified in paragraphs 6(a)-6(d), except for in-house attorneys for the parties, and 6(f)-6(g) of this Order;

8.   Designated Material shall be so designated by marking or stamping such material "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at such time the material is disclosed, or as soon thereafter as the person or entity seeking the protection becomes aware of the nature of the material disclosed and sought to be protected.

9.   Any deposition testimony may be classified as Designated Material by indicating on the record at the deposition that the examination or testimony discloses Designated Material under the terms of this Order. The portions of the original deposition transcript, exhibits, and all copies of exhibits thereto that contain material so designated shall be separately bound and prominently marked with the appropriate designation on the cover thereof and, if and when filed with the Court, the confidential portions of such transcripts shall be filed pursuant to Paragraph 12 of this Order.

10.   All persons described in Paragraph 6(c) and 6(e) of this Order to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Order and shall take all necessary

precautions to prevent any disclosure or use of Designated Material other than as authorized by this Order.

      a.    Prior to disclosing Designated Material to any person, described in Paragraph 6(c) of this Order, the disclosing party shall obtain from such person a written acknowledgment, substantially in the form of Exhibit 1 attached to this Order, that such person has reviewed a copy of this Order, will comply with their terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Order. In addition, prior to dissemination by a receiving party, or its counsel of record, of any Designated Material to any person described in Paragraph 6(c) of this Order, the disseminating party shall obtain and maintain a copy of this acknowledgement evidencing that such person has executed the undertaking set out in this Paragraph 10.

      b.    Individuals who are authorized to review Designated Material pursuant to this Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Order, unless authorized to do so by a further Order of this Court or as specifically required by law.

11.    All Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be kept in a location such that access to that location shall be permitted only to those respective persons set forth in Paragraphs 6 and/or 7 of this Order.

12.    If Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is filed with the Court upon approval or order by the Court as part of any pleading or as evidence, the filing party shall follow the proper procedures and local rules to file the material under seal.

13.    A designating Person that inadvertently fails to mark Designated Material as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of the production shall promptly notify the receiving party of its failure and correct it. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked materials and all copies thereof, and make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents

14.    Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as "CONFIDENTIAL" and/or "CONFIDENTIAL -

ATTORNEYS' EYES ONLY" on the record at the deposition shall have fifteen (15) days following the mailing of the transcript by the court reporter in which to correct his or her failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain confidential information and directing the reporter to mark that portion of the transcript accordingly.

15. If Designated Material is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties , and without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

16. Any challenge that Designated Material is not appropriately so designated, shall be governed by the local rules of the Central District of California.

17. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

18. Upon the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

19. Subject to final order of the Court upon completion of all matters relating to this case, within sixty (60) days after entry of any final and unappealable judgment in this litigation, any and all Discovery Material and all copies thereof, save those filed with the Court, shall be returned to the producing Person or, at the option of the producing Person, destroyed, provided however, counsel for each party shall be permitted to retain and archive Discovery Material that is contained in files ordinarily maintained in the course of litigation. If Discovery Material is destroyed pursuant to this paragraph, the party destroying such Discovery Material shall certify in writing to the producing Person that such destruction has taken place.

20. Any Protective Order entered by the Court on this Order is being entered without prejudice to the right of any party to move to the Court for modification of or relief from any of its terms.

21. When any third party produces documents or testimony pursuant to a request from a party in this matter:

| | |
|---|---|
| 1 | a. Such third parties may designate their testimony or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order; |
| 2 | |
| 3 | b. Any party receiving such documents or testimony from a third party may designate any such documents or testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order, provided that the designating party has a direct interest in placing such documents or testimony under the confidentiality provisions of this Order as defined in paragraphs 3 and 4; |

a. Such third parties may designate their testimony or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order;

b. Any party receiving such documents or testimony from a third party may designate any such documents or testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order, provided that the designating party has a direct interest in placing such documents or testimony under the confidentiality provisions of this Order as defined in paragraphs 3 and 4;

c. Paragraph 6 shall apply to any designation as "CONFIDENTIAL" by any designating Person of any documents or testimony received from third parties, and Paragraph 7 shall apply to any designation as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by any designating Person of any documents or testimony received from third parties.

The use of Confidential documents in trial and evidentiary proceedings is subject to the procedures and orders of the District Judge.

Dated: _March 8, 2013_____          _____/s/_____

Hon. Victor B. Kenton

United States Magistrate Judge

SCL PAS1221586.1-*-03/5/13 12:10 PM